OLIVER SHANNON *vs.* SOPHRONIA PRATT & others.

Hampshire.    Sept. 20. — Oct. 22, 1881.    LORD & DEVENS, JJ., absent.

A deed of five parcels of land contained the following clause : " Possession to be given the said grantee of the house and garden above specified (the first parcel) immediately and one undivided half of all the other tracts of land specified above reserving the buildings now occupied by myself at my decease." *Held,* that the grantor intended to reserve to himself only the buildings named, and not a life estate in the undivided half of the four parcels of land.

WRIT OF ENTRY to recover four parcels of land in Belchertown. Plea, *nul disseisin,* and a disclaimer as to one undivided half of the premises demanded. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who found for the demandant for one undivided moiety only; and the demandant alleged exceptions. The facts appear in the opinion.

*D. W. Bond & H. H. Bond,* (*J. B. Bottum* with them,) for the demandant.

*S. S. Taft,* for the tenants.

ENDICOTT, J.    The demandant in this action claims title to the demanded premises under a deed given him by Elisha Pratt,

conveying all his right, title and interest in certain real estate, "described in my deed to Warner Pratt." Elisha Pratt died before the trial of this action.

The question to be determined depends upon the construction to be given to the deed of Elisha Pratt to Warner Pratt. It conveys the whole of the first parcel and one undivided half of the other parcels therein described. The demandant contended that Elisha Pratt reserved to himself a life estate in the undivided half of the four parcels thus conveyed, and relies upon the following clause in the deed. " Possession to be given the said Warner Pratt of the house and garden above specified (the first parcel) immediately and one undivided half of all the other tracts of land specified above reserving the buildings now occupied by myself at my decease." It does not appear where the buildings were, and no allusion is made to them in the bill of exceptions.

We are of opinion that the grantor only reserved the buildings, and did not intend to reserve to himself a life estate in the undivided half of the four tracts conveyed by the deed, and claimed by the tenants as heirs of Warner Pratt. The word " reserving" follows the reference to the four parcels, and includes what follows and not what precedes it. Taking the whole clause together, the only intelligent construction to be given to it is, that the words "possession to be given the said Warner Pratt " include not merely the house and garden, but the one undivided half in the other four parcels, with a reservation during his life of certain buildings.

The presiding judge, therefore, rightly ruled that, at the date of the deed to the demandant, Elisha Pratt had no interest in the undivided half of the premises claimed by the tenants, which would pass to the demandant.    *Exceptions overruled.*